# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEROME WADDELL LACY, SR.,
               Appellant,

        v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
DC-0752-14-0119-I-1

DATE: September 30, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jerome Waddell Lacy, Sr.</u>, Waynesboro, Virginia, pro se.

<u>Michael E. Hokenson</u>, Fort Belvoir, Virginia, and <u>William J. Dobosh, Jr.</u>,
    Charlottesville, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged reduction in grade and pay appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was a GG-13, step 6 Intelligence Specialist for the agency in Seoul, South Korea. Initial Appeal File (IAF), Tab 13 at 89. In early 2008, he applied and was selected for two different Intelligence Specialist positions in the United States—a GG-13 position in Washington, D.C., and a GG-12 position in Charlottesville, Virginia. *Id*. at 91. The appellant accepted the GG-12 position in Charlottesville, effective June 2, 2008. *Id*. at 89. Although the appellant came into his new position at step 10, the highest step on the GG pay scale, this change in positions still resulted in a loss of basic pay, from $80,065 to $75,025.[2] *Id*. at 89, 93.

---

[2] It appears that the GG pay scale uses the same rates as the GS pay scale. IAF, Tab 13 at 4 n.1. We assume for purposes of this decision that the appellant's $9,888 locality adjustment was not part of his basic pay under 5 U.S.C. § 7511(a)(4). *Cf. Kile v. Department of the Air Force*, 104 M.S.P.R. 49, ¶¶ 12-14 (2006) (remanding for the parties to submit evidence and argument as to whether locality pay is part of basic pay for purposes of 5 U.S.C. chapter 75).

¶3      On April 8, 2012, the agency promoted the appellant from GG-12, step 10 back to GG-13, step 6, raising his basic pay from \$78,355 to \$83,619.[3] *Id*. at 83. The appellant then began seeking, through requests to management and through the equal employment opportunity process, retroactive pay from the agency based on his "highest previous rate" for the period that he was a GG-12.[4] IAF, Tab 1 at 10-17, Tab 13 at 21-81.

¶4      On November 7, 2013, the appellant filed the instant appeal and did not request a hearing.[5] IAF, Tab 1 at 3. He appeared to argue that the agency should have determined his pay as a GG-12 based on his highest previous rate as a GG-13. *Id*. at 6. After the parties filed evidence and argument, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 19, Initial Decision (ID) at 1, 4. She construed the appeal as one concerning and apparent reduction in grade and pay, but found that the only time that the appellant was reduced in grade or pay was when he voluntarily accepted the GG-12 position in order to move from South Korea to Charlottesville. ID at 2-4. She concluded that the Board lacks jurisdiction over such voluntary actions and that the Board otherwise lacks jurisdiction over the agency's highest previous rate policy. ID at 4.

¶5      The appellant has filed a petition for review, arguing that the initial decision is faulty because it took more than 120 days for the administrative judge to issue it. Petition for Review (PFR) File, Tab 1 at 3. He also has submitted an

---

[3] In the interim between these grade changes, the agency moved the appellant's pay method category from steps to pay bands and back to steps again. IAF, Tab 13 at 85, 87. The appellant did not lose pay during either of these changes, and these events do not appear to be material to the issues in this appeal. *Id*.

[4] The Office of Personnel Management's regulations address the concept of "highest previous rate." 5 C.F.R. § 532.405. Under that section, an agency may use an employee's highest previous rate of pay in setting his current pay upon a change of positions.

[5] Because this appeal is dismissed for lack of jurisdiction, we do not reach the timeliness issue. *See Tardio v. Department of Justice*, 112 M.S.P.R. 371, ¶ 30 (2009).

excerpt from a document by the National Academy of Public Administration criticizing the agency's lack of a formal highest-previous-rate policy. *Id*. at 4. He argues that this document establishes the Board's jurisdiction over the appeal. *Id*. The agency has filed a response. PFR File, Tab 3.

¶6        Regarding the length of time that it took for the administrative judge to issue an initial decision, we find that this, in itself, does not establish that she decided the case incorrectly or that there is otherwise any basis to grant the petition for review under 5 C.F.R. § 1201.115.

¶7        Regarding the document by the National Academy of Public Administration, the Board does not have jurisdiction over all matters regarding a federal employee that are allegedly unfair or incorrect; rather, the Board's jurisdiction is limited to matters over which it has been given jurisdiction by statute or regulation. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). Although this report may be critical of the agency's lack of a highest-previous-rate policy, and although the report may have been authorized by the National Defense Authorization Act, it is still not a statute or regulation conferring jurisdiction on the Board over any sort of appeal.

¶8        We also agree with the administrative judge that the Board lacks jurisdiction over this appeal as a constructive adverse action because the appellant failed to show that his reduction in grade and pay was involuntary.[6] ID at 4. It appears that the agency had some sort of highest-previous-rate policy in place when the appellant accepted the GG-12 position in 2008 but abandoned that policy prior to his promotion in 2012. IAF, Tab 13 at 75-76, 78. The appellant appears to allege that his acceptance of the GG-12 position was involuntary

---

[6] The administrative judge did not notify the appellant of how to establish jurisdiction over a constructive adverse action, but the agency's submissions provided the appellant accurate and complete information on his jurisdictional burden. IAF, Tab 13 at 9-14; *see Gonzalez v. U.S. Postal Service*, 77 M.S.P.R. 382, 386 (1998).

because the agency failed to inform him that it intended to do away with the highest-previous-rate policy.   IAF, Tab 13 at 75-76, 78, Tab 14 at 3.

¶9        To establish jurisdiction over a constructive adverse action, an appellant must show that (1) he lacked a meaningful choice in his facially voluntary decision, and (2) this was because of the agency's improper actions.  *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013).   A decision based on misinformation or lack of information may satisfy this standard.  *See Covington v. Department of Health & Human Services*, 750 F.2d 937, 943 (Fed. Cir. 1984).

¶10       In this case, the appellant has not explained what the agency's highest-previous-rate policy was, and he has not explained how he believes that it should have applied to his particular situation.  It is therefore unclear whether the appellant could actually have benefitted from that policy had the agency retained it.  Thus, we have no basis for finding that the appellant reasonably relied on the continued existence of the highest-previous-rate policy in accepting the GG-12 position.  *Cf. Gibeault v. Department of the Treasury*, 114 M.S.P.R. 664, ¶ 8 (2010) (an employee-initiated action is considered involuntary if it resulted from the employee's reasonable reliance on the agency's misleading statements or from the agency's failure to provide the employee with adequate information on which to make an informed choice).  We find the appellant has failed to prove that he lacked a meaningful choice in accepting the GG-12 position in 2008.

¶11       In any event, the appellant has not shown that the agency knew that it would abolish its highest-previous-rate policy at the time that he accepted the GG-12 position.  Furthermore, even if the agency had plans at that time to do away with its highest-previous-rate policy, there is no evidence that any responsible agency official knew or should have known that the appellant was relying on the continued existence of that policy in accepting the GG-12 position.  Thus, the appellant has not shown that the agency had any duty to inform him about potential future changes to its highest-previous-rate policy.  *Cf. Barthel v. Department of the Army*, 38 M.S.P.R. 245, 253 (1988*)* (an agency must provide

information that is not only correct in nature but adequate in scope to allow an employee to make an informed decision; this includes an obligation to correct any erroneous information that an agency has reason to know an employee is relying on). Nor has the appellant shown that the agency provided him affirmatively misleading information on the matter. *Cf. Covington*, 750 F.2d at 942 (an employee's reasonable reliance upon an agency's affirmatively misleading statements renders his decision involuntary). We therefore find that the appellant has failed to prove that his mistaken belief about the continued viability of the highest-previous-rate policy was due to any improper agency action.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.